UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| EMILIE GILLES,<br>　　　　　Plaintiff | :<br>:<br>: |
| v. | : No. 5:25-cv-5429<br>: |
| PROGRESSIVE ADVANCED INSURANCE<br>COMPANY a/k/a PROGRESSIVE CASUALTY<br>INSURANCE COMPANY,<br>　　　　　Defendant | :<br>:<br>:<br>:<br>: |

_____

**O P I N I O N**
**Defendant's Motion to Dismiss, ECF No. 8 - Granted**

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　　**December 17, 2025**
**United States District Judge**

### I.　INTRODUCTION

The instant matter arises out of an automobile accident. Emilie Gilles asserted a claim for underinsured motorist benefits against her insurer, Progressive Advanced Insurance ("Progressive"), and alleges that Progressive refused to pay her the amount in underinsured motorist coverage to which she is entitled, to fairly evaluate her claim, and to make any reasonable settlement offers. Gilles brings the instant action against Progressive for breach of contract and bad faith. Progressive now moves to dismiss the bad faith count. For the following reasons, the Court will grant the motion.

### II.　BACKGROUND

Emilie Gilles was injured in a motor vehicle accident on June 15, 2024, when another driver struck her vehicle. Compl., ECF No. 1-3, ¶¶ 3-5. Gilles sustained multiple injuries, *id.* at ¶ 6, including the following:

> Cervical sprain and strain, cervical disc bulges at C2-3, C3-4, C4- C5, C5-C6 and C6-C7, Cervical disc herniation at C7-T1, Lumbar sprain and strain, Lumbar disc

>bulges at L1-L2, L2-L3, L3-L4, L4-L5 and L5-S1, Right knee sprain and strain, oblique tear posterior horn and body of medial meniscus, post-traumatic ganglion cyst, partial thickness tear of the ACL, sprain of the MCL, small joint effusion, Right shoulder sprain and strain, Moderate rotator cuff tendinosis and subacromial subdeltoid bursitis, partial thickness tear distal supraspinatus, SLAP tear, Right ankle sprain and strain, sprain of the anterior and posterior talofibular ligaments, sprain of deltoid ligament, soft tissue swelling[.]

*Id.* at ¶ 19.

At the time of the collision, the tortfeasor had an insurance policy covering up to $25,000 in damages for motor vehicle accidents. *Id.* at ¶ 7. Gilles settled with the tortfeasor for the policy limit of $25,000, *id.* at ¶ 8, but believes this to be insufficient compensation for her injuries, *id.* at ¶ 13. Gilles also had a policy with Progressive which provided for underinsured motorist coverage of up to $50,000. *Id.* at ¶¶ 10-12. Gilles forwarded Progressive "a complete packet of medical specials" for the purposes of evaluating her claim and obtaining a settlement offer. *Id.* at ¶ 14. Gilles alleges that Progressive employees Yohanny Henry and Jeffrey Benditt "made misrepresentations concerning the underinsured motorist claim," and that Progressive has not yet made a settlement offer which appeals to her. *See id.* at ¶¶ 27, 30-31.

### III. LEGAL STANDARDS

**A.     Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) – Review of Applicable Law**

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Also, a "document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

  **B.** **Bad Faith**

 "To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim." *Camp v. New Jersey Manufacturers Ins. Co.*, No. 16-cv-1087, 2016 WL 3181743 at *4 (E.D. Pa. June 8, 2016). To state a bad faith claim for an insurer's failure to pay a claim, "the plaintiff must allege an underlying element of self-interest or ill will." *O'Brien v. Liberty Mut. Ins.*, No. 21-cv-01234, 2021 WL 3203405, at *2 (E.D. Pa. July 28, 2021). "Mere negligence or bad judgment on the part of an insurer is not considered to be bad faith." *Id.* "Courts in this Circuit have routinely dismissed bad faith claims reciting only 'bare-bones'

conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss." *Camp*, 2016 WL 3181743 at *4. The plaintiff's evidence must be "so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation about whether or not the defendants acted in bad faith." *Houtz v. State Farm Fire and Cas. Co.*, 754 F. Supp. 3d 594, 598 (E.D. Pa. 2024) (quoting *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004)).

## IV.   DISCUSSION

In the Complaint, Gilles makes several conclusory allegations of bad faith conduct. Gilles asserts that Progressive "has acted, and continues to act, in bad faith, pursuant to 42 Pa.C.S. Section 8371, by breaching the duty of good faith and fair dealing with respect to the insurance policy by failing to make any []good faith offers or make payments for underinsured motorist benefits covering Plaintiff." Compl. at ¶ 26. By way of factual support, Gilles alleges that two Progressive agents, Yohanny Henry and Jeffrey Benditt, "made misrepresentations concerning the underinsured motorist claim." *Id.* at ¶¶ 27, 31. However, Gilles does not explain or describe what those alleged misrepresentations were, how they were communicated to her, or when they were made. Nor does Gilles make any further allegations, other than to say that Progressive "without reasonable cause, has failed to act in good faith," *id.* at ¶ 29, and that such "acts" were "intentional, reckless, malicious and/or negligent," *id.* at ¶ 27. These statements are summary recitations of the elements of a bad faith cause of action. *See Camp*, 2016 WL 3181743 at *4. Gilles is unable to meet the pleading requirements of a bad faith claim by merely stating that Progressive's actions were "unreasonable" or done with "knowledge or recklessness" if she cannot articulate what those actions were. *See Young v. State Farm Automobile Ins. Co.*, 614 F. Supp. 3d 153, 156 (E.D. Pa. 2022) (A "plaintiff must plead specific facts as evidence of bad faith

and cannot rely on conclusory statements.") (citing *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012))).

Moreover, the allegation that Progressive failed to make a "reasonable" or "good faith" offer is not an allegation that Progressive failed to make any offer at all.[1] *See* Compl. at ¶¶ 16, 27, 30. It is entirely possible that Progressive made a settlement offer to Gilles, but the Complaint is devoid of any detail thereof. Without factual support for the assertion that Progressive made an offer, let alone an unreasonable one, the Court cannot presume the same. Even if Gilles had made detailed allegations on this point, she still has not "allege[d] an underlying element of self-interest or ill will." *O'Brien*, 2021 WL 3203405, at *2.

In all, the allegations in the Complaint suggest nothing more than a disagreement between the parties over the value of the uninsured motorist claim, which alone is insufficient to state a claim for bad faith. *See Litman v. GEICO Cas. Co.*, No. 22-cv-04530, 2023 WL 8091982,

---

[1] Plaintiff's Response to Defendant's Motion to Dismiss says that "Count II of Plaintiff's Complaint . . . state[s] that Defendant has acted, and continues to act, in bad faith . . . by failing to make *any offer* or make payments for uninsured motorist benefits covering Plaintiff." ECF No. 10-2 at 3 (emphasis added). In doing so, Gilles cites to paragraph 26 of her Complaint, which reads as follows: "Defendant has acted, and continues to act, in bad faith . . . by failing to make *any offer good faith offers* or make payments for underinsured motorist benefits covering Plaintiff." Compl. ¶ 26 (emphasis added). Here, the wording of "any offer good faith offers" is odd, and it is likely that the intended phrase was either "any good faith offers" or "any offer *or* good faith offers." The Court reads the former example, "any good faith offers" to be the intended meaning—and considers the first appearance of the word "offer" in this sentence to be a typo. This reading is supported by the several other instances in which the Complaint states that Defendant "fail[ed] to make any good faith offer." *See e.g.*, *id.* at ¶¶ 27, 30. Thus, to the extent that Gilles seeks to assert that Progressive failed to make her any offer whatsoever, this allegation is only present in her Response Brief. The Court may not consider this allegation in its Rule 12(b)(6) determination, because "[i]n deciding a Rule 12(b)(6) motion, [it] must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents," *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010), and the Response Brief is not attached to, nor relied upon, in the Complaint.

at *3 (E.D. Pa. Nov. 21, 2023) (explaining that an insurance company's "failure to offer Plaintiffs' their demanded policy limits cannot, without more, amount to bad faith"); *see also Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15-cv-77, 2015 WL 3444288, at *5 (E.D. Pa. May 28, 2015) (finding that there were no "factual allegations from which the Court could make a plausible inference that Defendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits" since the complaint merely established that the plaintiff disagreed with the insurer's offer). The Court finds that the Complaint fails to state a claim for bad faith. Accordingly, Count II will be dismissed with leave to amend.[2]

## V.  CONCLUSION

Progressive's Motion to Dismiss Count II is granted because the allegations in the Complaint are insufficient to support a bad faith claim. Gilles is granted leave to amend the Complaint and fix the deficiencies therein. The bad faith claim (Count II) is dismissed without prejudice.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[2] *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile") (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
Counsel is cautioned that any amended complaint "must specifically 'describe who, what, where, when, and how the alleged bad faith conduct occurred.'" *Carolan v. Progressive Adv. Ins. Co.*, No. 24-cv-3248, 2025 WL 777708, at *4 (E.D. Pa. Mar. 11, 2025).